**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM M. SMITH, | No. 16-35305 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01725-SB |
| v. | |
| DAVE G. POWELL, Individually and in his official capacity as a Hearings Officer at Eastern Oregon Correctional Institution, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted June 26, 2017**

Before:     PAEZ, BEA, and MURGUIA, Circuit Judges.

Oregon state prisoner William M. Smith appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging various

constitutional violations.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

        *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Smith's free speech claim because Smith failed to raise a genuine dispute of material fact as to whether the regulation of his outgoing mail did not further a substantial governmental interest. *See Procunier v. Martinez*, 416 U.S. 396, 413-14 (1974) (setting forth factors for evaluating the constitutionality of regulating prisoner correspondence).

The district court properly granted summary judgment on Smith's retaliation claim because Smith failed to raise a genuine dispute of material fact as to whether defendant Powell acted with a retaliatory motive. *See Rhodes v. Robinson*, 408 F. 3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context); *see also Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) ("To prevail on a retaliation claim, a plaintiff must show that his protected conduct was the 'substantial' or 'motivating' factor behind the defendant's conduct.") (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Smith's due process claim regarding his disciplinary hearing and sanction because Smith failed

to raise a genuine dispute of material fact as to whether he was deprived of a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 483-85 (1995) (a constitutionally protected liberty interest arises only when a restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Superintendent v. Hill*, 472 US. 445, 455 (1985) (requirements of due process are satisfied if "some evidence" supports disciplinary decision); *Wolff v. McDonell*, 418 U.S. 539, 563-71 (1974) (setting forth due process requirements for prison disciplinary proceedings).

The district court did not abuse its discretion in denying Smith's Fed. R. Civ. P. 56(d) motion because Smith failed to show that the discovery he requested would have precluded summary judgment. *See Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011) (setting forth standard of review and explaining that a plaintiff must show that the discovery sought would have precluded summary judgment).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**